IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MISTI L. MORGAN and<br>KEVIN MORGAN, individually and as<br>parents and next friends of JOSEPH C.<br>MORGAN, a minor<br>Rt. 3, P.O. Box 406B<br>Ridgeley, WV 26753<br><br>       Plaintiffs<br><br>v.<br><br>THE MEMORIAL HOSPITAL AND<br>MEDICAL CENTER OF CUMBERLAND,<br>INC.<br>600 Memorial Avenue<br>Cumberland, MD 21502<br><br>and<br><br>WESTERN MARYLAND HEALTH<br>SYSTEM, INC.<br>12400 Willowbrook Road<br>Cumberland, MD 21501<br><br>       Defendants | Civil Action No. _____<br><br>CCB07CV 818 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Misti L. Morgan and Kevin Morgan, individually and as parents and next friends of Joseph C. Morgan (collectively the "Plaintiffs"), by their attorneys, Frank W. Spector, Mark C. Kopec and Spector & Kopec, LLC, sue The Memorial Hospital and Medical Center of Cumberland, Inc. and Western Maryland Health System, Inc. (collectively the "Defendants"), and state as follows:

1.    This matter was filed with the Health Care Alternative Dispute Resolution Office on or about March 5, 2007. A copy of the Statement of Claim is attached as Exhibit 1.

2. The Plaintiffs filed a Certificate of Merit and Report with the Health Care Alternative Dispute Resolution Office on or about March 5, 2007. Exhibit 1

3. The Plaintiffs filed an Election to Waive Arbitration with the Health Care Alternative Dispute Resolution Office on or about March 5, 2007.

4. These claims were properly filed with the Heath Care Alternative Dispute Resolution Office as they exceed Twenty Five Thousand Dollars ($25,000.00) in damages.

5. The Plaintiff relates back to, repeats, realleges, adopts and incorporates by reference the initial Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about March 5, 2007 as though fully set forth herein.

## PARTIES

6. At all times relevant to this matter, Plaintiffs are and have been citizens of West Virginia, residing at Rt. 3, P.O. Box 406B, Ridgeley, WV 26753.

7. Defendant, The Memorial Hospital and Medical Center of Cumberland, Inc. ("Memorial Hospital") is a Maryland corporation with its principal place of business at 600 Memorial Avenue, Cumberland, MD 21502.

8. Defendant, Western Maryland Health System, Inc. ("WMHS"), is a Maryland corporation with its principal place of business at 12400 Willowbrook Road, Cumberland, MD 21501.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391 because the Defendants reside in this judicial district, the incident occurred in this judicial district, and the Defendants are subject to personal jurisdiction in this judicial district at the time the action is commenced.

## FACTS COMMON TO ALL COUNTS

11. On or about September 9, 2001, Misti L. Morgan was admitted to Memorial Hospital for obstetrical delivery. She came under the care of the agents, servants and employees of Memorial Hospital and/or WMHS, including but not limited Michele Chabot, R.N.

12. Ms. Morgan labored throughout September 9, 2001.

13. According to the medical records, Misti L. Morgan's baby, Joseph C. Morgan was born at approximately 11:28 p.m. on September 9, 2001.

14. According to the medical records, Joseph C. Morgan was born in a depressed state. His Apgar scores (a 0-10 scale measuring fetal well being) were 2 at 1 minute of age and 3 at 5 minutes of age. His blood tests revealed acidosis and his clinical evaluation was consistent with hypoxic ischemic encephalopathy.

## COUNT I

(Medical Malpractice--Negligence)

The Plaintiffs sue the Defendants and for their cause of action state:

15. Plaintiffs incorporate all the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

16. The Defendants, through its actual and/or apparent agents, servants, and/or employees, including but not limited to Michele Cabot, R.N., owed Misti L. Morgan and Joseph C. Morgan a duty to exercise reasonable care in its care and treatment of them.

17. The Defendants, through its actual and/or apparent agents, servants, and/or employees, including but not limited to Michele Cabot, R.N., breached the above-mentioned duty of care to Misti L. Morgan and Joseph C. Morgan, deviating from the applicable standards of care, and was otherwise negligent, careless and reckless by, among other things:

a) failing to employ adequate diagnostic procedures and tests to determine the nature and severity of Misti L. Morgan and Joseph C. Morgan's condition(s);

b) failing to diagnose such condition(s) carefully;

c) failing to employ appropriate treatments and procedures to correct such condition(s);

d) failing to carefully and thoroughly evaluate the effects of chosen treatments;

e) failing to adjust such chosen treatments in response to evaluation of the effects of prior treatment;

f) failing to appropriately and adequately obtain an informed consent from the Plaintiff, Misti L. Morgan;

g) failing to adequately and appropriately diagnose and treat Misti L. Morgan and Joseph C. Morgan during labor;

h) failing to adequately and appropriately deliver Joseph C. Morgan without causing injury; and

i) failing to diagnose and treat worrisome fetal conditions during labor.

j) failing to recognize, treat, and take appropriate action in response to hyperstimulation of Misti L. Morgan's uterus during labor.

12. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendants, Plaintiff, Joseph Morgan suffered severe and

permanent disabling injuries. Plaintiffs are entitled, from the Defendants, to all special damages and other damages suffered, including but not limited to medical expenses, both past and present; rehabilitative and other expenses, past, present and in the future; loss of earning capacity; and the need for ongoing medical, hospital, pharmaceutical and rehabilitative care; and physical pain and emotional suffering endured by Joseph C. Morgan both in the past and in the future.

18. Joseph C. Morgan's parents are unable or unwilling to pay his medical expenses, and he will be responsible for paying for them.

19. Had the Defendants followed the appropriate and applicable standards of care, Misti L. Morgan and Joseph C. Morgan would have been properly treated, and Joseph C. Morgan would not have suffered the injuries and damages described above.

20. The injuries and damages herein complained of were directly and proximately caused by the negligence of the Defendants, with no negligence on the part of Plaintiffs.

WHEREFORE, Plaintiffs claim damages in an amount in excess of $75,000, plus costs, from the Defendants.

## COUNT II

(Medical Malpractice—Informed Consent)

Plaintiffs sue the Defendants and for their cause of action states:

21. Plaintiffs incorporate all the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

22. Prior to delivering Joseph C. Morgan, the Defendants, owed to Plaintiffs the duty of appropriate notification of the various alternatives and risks involved in various modalities of treatment.

23. Such alternatives and risks would have been disclosed by a reasonably competent health care provider. The Defendants were negligent in failing to appropriately and adequately obtain an informed consent from Plaintiffs and was otherwise negligent.

24. Plaintiffs further allege that as a direct and proximate result of the negligence of the Defendants, Plaintiffs experienced severe physical pain, mental anguish, emotional stress, unnecessary procedures, unnecessary hospital and medical care and expenses, future medical care, loss of future earning capacity and other losses, and were otherwise injured.

25. Plaintiffs further allege that all these injuries and damages were caused by the negligent acts and omissions of the Defendants without any negligence or want of due care on the part of Plaintiffs.

WHEREFORE, Plaintiffs claim damages in an amount in excess of $75,000, plus costs, from the Defendants.

_____
Frank W. Spector
Federal Bar No. 09607
Mark C. Kopec
Federal Bar No. 09983
Spector & Kopec, LLC
200 E. Lexington Street, Suite 410
Baltimore, Maryland 21202
Phone (410) 385-0085
Fax (410) 385-0087
fspector@MedLawHelpTeam.com
mkopec@MedLawHelpTeam.com

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand that their claims be tried by a jury.

_____
Frank W. Spector