HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE
6 St. Paul Street, Suite 1501
Baltimore, Maryland 21202-1608
(410) 767-8200

<u>CLAIM FORM</u>     HCA NO.: _____

**CLAIMANT(S)**                                              **HEALTH CARE PROVIDER(S)**

Misti Morgan                                                 Western Maryland Health System, INc.
Name                                                         Name
Rt. 3, P.O. Box 406B                                         12400 Willowbrook Road
Street Address                                               Street Address
Ridgeley, WV 26753                                           Cumberland, MD 21501
City, State, Zip Code                                        City, State, Zip Code


Kevin Morgan                                                 The Memorial Hospital and Medical
Name                                                         Center of Cumberland, Inc
Rt. 3, P.O. Box 406B                                         Name
Street Address                                               600 Memorial Hospital
Ridgeley, WV 26753                                           Street Address
City, State, Zip Code                                        Cumberland, MD 21502
                                                             City, State, Zip Code


Joseph Morgan
Name                                                         RECEIVED
Rt. 3, P.O. Box 406B                                         MAR 0 2 2007
Street Address                                               Name
Ridgeley, WV 26753                                           HEALTH CARE
City, State, Zip Code                                        ALTERNATIVE DISPUTE
                                                             RESOLUTION OFFICE
                                                             Street Address

                                                             City, State, Zip Code

(1) This claim is filed pursuant to Title 3, Subtitle 2A of the Courts Article. The damages claimed are in excess of $25,000.00, and the appropriate venue is: <u>United States District Court</u> for the District of Maryland

(2) The basis of the claim is described on the page(s) attached hereto.

(3) The resolution of the claim will involve particular expertise in this area of specialty <u>030</u>.
(PLEASE SEE REVERSE SIDE FOR AREAS OF CONCENTRATION)

<u>WARNING</u>: Each Claimant has been advised that he/she may be held civilly liable for part or all the Costs resulting from the filing of this claim, whether it is won or lost; this would be an individual and personal responsibility.

ATTORNEY FOR CLAIMANT(S)                                     CLAIMANT(S)

Signature Frank W. Spector                                   Signature for each Claimant
200 E. Lexington Street, Suite 410
Street Address
Baltimore, MD 21202
State, Zip Code
410-385-0085
Telephone Number

HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE
6 ST. PAUL STREET, SUITE 1501
BALTIMORE, MARYLAND 21202-1608
410-767-8200

PERSONAL INFORMATION CERTIFICATION

HCA # _____

1. AGENCY APPROPTIATION CODE: 23.01.05

2. CLAIMANT(S) Misti Morgan, Kevin Morgan, Joseph Morgan

3. HOME ADDRESS:
   Rt. 3, P.O. Box 406B

CITY Ridgeley        STATE WV    ZIP CODE 26753

4. TELEPHONE NUMBERS: WORK (301) 777-5941

                     HOME (304) 738-9301

5. DATE OF BIRTH   Misti Morgan - 10/20/77
                   Joseph Morgan - 9/9/01

6. SOCIAL SECURITY NUMBER(S):    ___-__-____
                                 ___-__-____

7. MARYLAND DRIVER'S LICENSE NUMBER(S): _____

8. TAXPAYER IDENTIFICATION NUMBER (FEIN)   (IF APPLICABLE)



RECEIVED
MAR 0 2 2007
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

| | |
|---|---|
| Misti Morgan and Kevin Morgan, individually and as parents and next friends of Joseph C. Morgan, a minor<br><br>Claimants<br><br>vs.<br><br>The Memorial Hospital and Medical Center of Cumberland, Inc.<br><br>and<br><br>Western Maryland Health System, Inc.<br><br>Defendants/Health Care Providers | BEFORE THE<br><br>HEALTH CLAIMS<br><br>ALTERNATIVE DISPUTE<br><br>RESOLUTION OFFICE<br><br>OF MARYLAND<br><br><br><br>HCA NO. |



\* \* \* \* \* \* \* \* \*

## STATEMENT OF CLAIM

The Claimants, by and through their attorneys, Frank W. Spector, Mark C. Kopec, and Spector & Kopec, LLC, file this claim against The Memorial Hospital and Medical Center of Cumberland, Inc. ("Memorial Hospital") and Western Maryland Health System, Inc. ("WMHS"), referred to collectively as Health Care Providers, and state as follows:

### PARTIES AND JURISDICTION

1. At all times relevant to this case, the Claimants, have been citizens of West Virginia, residing at Route 3, Box 406B, Ridgely, West Virginia, 26753.

2. At all times relevant to this case, the Health Care Providers, were medical entities engaged in the practice of medicine in the State of Maryland acting through actual and/or apparent agents, servants and/or employees including, but not limited to Michele Chabot, R.N.

3. This claim is instituted for the recovery of damages in excess of $25,000.00.

4.  Venue is proper in the United States District Court for the District of Maryland.

## FACTS COMMON TO ALL COUNTS

5.  On or about September 9, 2001, Misti L. Morgan was admitted to Memorial Hospital for obstetrical delivery. She came under the care of the agents, servants and employees of Memorial Hospital and/or WMHS, including but not limited Michele Chabot, R.N.

6.  Ms. Morgan labored throughout September 9, 2001.

7.  According to the medical records, Misti L. Morgan's baby, Joseph C. Morgan was born at approximately 11:28 p.m. on September 9, 2001.

8.  According to the medical records, Joseph C. Morgan was born in a depressed state. His Apgar scores (a 0-10 scale measuring fetal well being) were 2 at 1 minute of age and 3 at 5 minutes of age. His blood tests revealed acidosis and his clinical evaluation was consistent with hypoxic ischemic encephalopathy.

## COUNT I
(Medical Malpractice--Negligence)

The Claimants sue the Health Care Providers, Memorial Hospital and WMHS, and for their cause of action state:

9.  Claimants incorporate all the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

10. The Health Care Providers, through its actual and/or apparent agents, servants, and/or employees, including but not limited to Michele Cabot, R.N., owed Misti L. Morgan and Joseph C. Morgan a duty to exercise reasonable care in its care and treatment of them.

11. The Health Care Providers, through its actual and/or apparent agents, servants, and/or employees, including but not limited to Michele Cabot, R.N., breached the above-

mentioned duty of care to Misti L. Morgan and Joseph C. Morgan, deviating from the applicable standards of care, and was otherwise negligent, careless and reckless by, among other things:

    a)     failing to employ adequate diagnostic procedures and tests to determine the nature and severity of Misti L. Morgan and Joseph C. Morgan's condition(s);

    b)     failing to diagnose such condition(s) carefully;

    c)     failing to employ appropriate treatments and procedures to correct such condition(s);

    d)     failing to carefully and thoroughly evaluate the effects of chosen treatments;

    e)     failing to adjust such chosen treatments in response to evaluation of the effects of prior treatment;

    f)     failing to appropriately and adequately obtain an informed consent from the Claimant, Misti L. Morgan;

    g)     failing to adequately and appropriately diagnose and treat Misti L. Morgan and Joseph C. Morgan during labor;

    h)     failing to adequately and appropriately deliver Joseph C. Morgan without causing injury; and

    i)     failing to diagnose and treat worrisome fetal conditions during labor.

    j)     failing to recognize, treat, and take appropriate action in response to hyperstimulation of Misti L. Morgan's uterus during labor.

12.     As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Health Care Providers, Claimant Joseph Morgan suffered severe and permanent disabling injuries. Claimants are entitled, from the Health Care Providers, to all special damages and other damages suffered, including but not limited to medical expenses, both past and present; rehabilitative and other expenses, past, present and in the future; loss of earning capacity; and the need for ongoing medical, hospital,

pharmaceutical and rehabilitative care; and physical pain and emotional suffering endured by Joseph C. Morgan both in the past and in the future.

13. Joseph C. Morgan's parents are unable or unwilling to pay his medical expenses, and he will be responsible for paying for them.

14. Had the Health Care Providers followed the appropriate and applicable standards of care, Misti L. Morgan and Joseph C. Morgan would have been properly treated, and Joseph C. Morgan would not have suffered the injuries and damages described above.

15. The injuries and damages herein complained of were directly and proximately caused by the negligence of the Health Care Providers, with no negligence on the part of Claimants.

WHEREFORE, Claimants request that a judgment be entered against the Health Care Providers for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT II
(Medical Malpractice—Informed Consent)

Claimants sue the Health Care Providers and for their cause of action states:

16. Claimants incorporate all the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

17. Prior to delivering Joseph C. Morgan, the Health Care Providers, owed to Claimants the duty of appropriate notification of the various alternatives and risks involved in various modalities of treatment.

18. Such alternatives and risks would have been disclosed by a reasonably competent health care provider. The Health Care Providers were negligent in failing to appropriately and adequately obtain an informed consent from Claimants and was otherwise negligent.

19. Claimants further allege that as a direct and proximate result of the negligence of the Health Care Providers, Claimants experienced severe physical pain, mental anguish, emotional stress, unnecessary procedures, unnecessary hospital and medical care and expenses, future medical care, loss of future earning capacity and other losses, and were otherwise injured.

20. Claimants further allege that all these injuries and damages were caused by the negligent acts and omissions of the Health Care Providers without any negligence or want of due care on the part of Claimants.

WHEREFORE, Claimants request that a judgment be entered against the Health Care Providers for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

Frank W. Spector
Mark C. Kopec
Spector & Kopec, LLC
200 East Lexington Street
Suite 410
Baltimore, MD 21202
410-385-0085
Attorneys for Claimants

...

| | |
|---|---|
| MISTI L. MORGAN AND KEVIN MORGAN, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF JOSEPH C. MORGAN, A MINOR<br><br>CLAIMANTS<br><br>vs.<br><br>WESTERN MARYLAND HEALTH SYSTEM, INC. AND THE MEMORIAL HOSPITAL AND MEDICAL CENTER OF CUMBERLAND, INC.<br><br>HEALTH CARE PROVIDERS | * BEFORE THE<br>*<br>* HEALTH CLAIMS<br>*<br>* ALTERNATIVE DISPUTE<br>*<br>* RESOLUTION OFFICE<br>*<br>* OF MARYLAND<br>*<br>*<br>*<br>*<br>* HCA NO.<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \*

## CERTIFICATE OF MERIT AND REPORT

I, Mark B. Landon, M.D. do hereby certify and affirm that:

1. In my professional opinion there was violations of the standard of care by the Defendant, Health Care Providers, Western Maryland Health System, Inc. and/or The Memorial Hospital and Medical Center of Cumberland, Inc., by its agents, servants and employees, including but not limited to Michele Chabot, RN. It is also my opinion that as a direct result of the violations of the standard of care of the Defendants/Health Care Providers, the Claimant, Joseph C. Morgan, was medically injured.

2. I further certify that I have had clinical experience and provided consultation relating to the clinical practice in the fields of obstetrics and gynecology and maternal-fetal medicine or a related field of health care within five (5) years of the date of the above-identified acts or omissions giving rise to this claim.

[Stamp: RECEIVED MAR 0 2 2007 HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE]

3. I further certify that I am Board Certified in obstetrics and gynecology and maternal-fetal medicine.

4. I also certify that I do not devote annually more than 20% of my professional activities to activities that directly involve testimony in personal injury claims.

_____
Mark B. Landon, M.D.


I HEREBY CERTIFY that the above Certificate of Merit and Report is true and correct to the best of my knowledge, information and belief.

_____
Mark B. Landon, M.D.



Re:   Joseph C. Morgan

TO WHOM IT MAY CONCERN:

I Mark B. Landon, M.D. am board certified in obstetrics and gynecology and maternal/fetal medicine. Based on my training, practice and experience, I am familiar with the standards of care pertaining to the case rendered by Western Maryland Health System, Inc., and/or The Memorial Hospital and Medical Center of Cumberland, Inc. including, but not limited to, the care provided by Michele Chabot, RN. I have reviewed the medical records of Misti L. Morgan and Joseph C. Morgan and it is my opinion to a reasonable degree of medical probability that there were violations of the standards of care by the agents, servants and employees of Western Maryland Health System, Inc., and/or The Memorial Hospital and Medical Center of Cumberland, Inc. including, but not limited to Michele Chabot, RN. It is also my opinion as a direct result of the violation of the standards of care, the Claimant, Joseph C. Morgan was medically injured.

In general, based upon my review of the records, and based upon my training and education and experience, Western Maryland Health System, Inc., and/or The Memorial Hospital and Medical Center of Cumberland, Inc. through its agents, servants and employees, included but not limited to Michele Chabot, RN violated the standards of care by failing to properly evaluate, treat, and respond to worrisome fetal conditions during the labor of Misti L. Morgan, including but not limited to failing to recognize and take appropriate action in response to hyperstimulation of Misti L. Morgan's uterus during labor.

I further certify that I have had clinical experience and provided consultation relating to clinical practice in the fields of obstetrics and gynecology and maternal/fetal medicine and/or related fields of healthcare and/or the fields in which these healthcare providers provided care within five (5) years of the date of the above identified acts and/or omissions giving rise to the claim. I further certify that I am board certified in obstetrics and gynecology and maternal/fetal medicine. Further, I do not devote annually more than 20% of my professional activities to activities that directly involve testimony in personal injury claims.

My opinions as set forth in this report as not exhaustive of all of the opinions and conclusions that I have reached or will reach regarding this case. I reserve the right, if called to be an expert in this case, to further elaborate on my opinions as well as supplement my opinions. I also anticipate that I will obtain additional information if called to be an expert witness in this case through the course of discovery, including but not limited to deposition testimony, discovery responses and/or additional medical records all of which I will incorporate into my opinions.

Very truly yours,

Mark. B. Landon, M.D.

| | | |
|---|---|---|
| MISTI MORGAN, et al. | * | BEFORE THE |
| Claimants | * | HEALTH CARE |
| vs. | * | ALTERNATIVE DISPUTE |
| WESTERN MARYLAND HEALTH SYSTEM, INC., et al. | * | RESOLUTION OFFICE |
| | * | HCA NO. _____ |
| Health Care Providers | | |

∎∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙∙

### ELECTION FOR WAIVER OF ARBITRATION

The Claimants, by and through their attorneys, Frank W. Spector, Mark C. Kopec and Spector & Kopec, LLC files this Election for Waiver of Arbitration pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06B and for reasons in support thereof, respectfully represent:

1. The Claimants have elected to waive arbitration in the above captioned case.

2. The Claimants filed the Certificate of Merit and Report pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-04(b), with the Health Care Alternative Dispute Resolution Office, on or about March 5, 2007.

3. That, after filing, this election shall be binding on all parties.

RECEIVED MAR 0 2 2007 HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

Frank W. Spector
Mark C. Kopec
Spector & Kopec, LLC
200 E. Lexington Street
Suite 410
Baltimore, MD 21202
(410) 385-0085
Attorneys for Claimant